UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

| | |
|---|---|
| **SILVERSIDE SENIOR LIVING, LLC,** | Case No.: 21-44887-lsg<br>Chapter 11 |
| Debtor. | Hon. Lisa S. Gretchko |

### DEBTOR'S FIRST DAY MOTION FOR ORDER DIRECTING JOINT ADMINISTRATION OF CASES PURSUANT TO BANKRUPTCY RULE 1015(b), BANKRUPTCY CODE SECTIONS 105 AND 302 AND LOCAL RULE 1015-1

Silverside Senior Living, LLC, Debtor and Debtor in Possession in the above captioned case ("Silverside" or "Debtor"), by and through its proposed attorneys, Strobl Sharp PLLC, moves for entry of an order, pursuant to Sections 105 and 302 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 1015-1 of the Local Rules of the United States Bankruptcy Court for the Eastern District of Michigan (the "Local Rules") directing the joint administration of the Debtor's separate Chapter 11 case with the Chapter 11 case of *In re: Graceway South Haven, LLC* (Case No. 21-44888-lsg) (*"Graceway"*) (collectively, Silverside and Graceway shall be referred to as "Silverside", the "Companies" or the "Debtors"), for procedural purposes only. In support of this Motion, the Debtor respectfully represents as follows:

1

## JURISDICTION AND VENUE

1. This Court has jurisdiction to hear the Motion under 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are Section 105(a) of Title 11 of the United States Code as amended from time to time (the "Bankruptcy Code"), Bankruptcy Rule 1015(b) and Local Rule 1015-1.

## GENERAL BACKGROUND

4. On June 7, 2021 (the "Petition Date"), Silverside commenced a voluntary case under Subchapter V of Chapter 11 of the Bankruptcy Code. Also, on June 7, 2021, Debtor Graceway commenced its own voluntary Subchapter V of Chapter 11 proceedings with this Court. Collectively, the Debtors are authorized to continue to operate their businesses and to manage their assets as Debtors in Possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. The Court appointed Chuck Mouranie as the Subchapter V Trustee.

## BACKGROUND OF THE DEBTORS

6. The factual background relating to Debtor's commencement of this Chapter 11, Subchapter V case is set forth in detail in the Affidavit of Anthony

Fischer, Jr., as Member of the Debtor (the "Fischer Affidavit"), [Docket No. 11], filed concurrently herewith and incorporated by reference as if fully set forth.

## **RELIEF REQUESTED**

7. By this Motion, the Debtor in this matter and the Debtor in the matter of *In re: Grace South Haven, LLC* (Case No. 21-44888), moves for the joint administration, for procedural purposes only, of their respective cases contemporaneous with the filing of their voluntary petitions. The Debtors submit that joint administration, for procedural purposes only, is in the best interest of each of the Debtors' estates and will ease the administrative burden on their creditors, this Court and other interested parties.

## **BASIS FOR RELIEF**

8. Bankruptcy Rule 1015 provides, in part:

> (b) Cases involving two or more related debtors. If a joint petition or two or more petitions are pending in the same court by…a debtor and an affiliate, the court may order joint administration of the estates. Prior to entering an order, the court shall give consideration to protecting creditors of different estates against potential conflicts of interest.

9. Section 101(2) of the Bankruptcy Code defines "affiliate" to include:

> A. [an] entity that directly or indirectly owns, controls or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor…[or]
>
> B. [a] corporation 20 percent or more of whose outstanding voting securities are directly or indirectly

> owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor.

10. There is a common ownership among the Debtors. As Silverside directly owns 100% of the equity interests of Gateway. Consequently, the Debtors meet the definition of affiliates under Section 101(2) of the Bankruptcy Code.

11. Anthony Fischer, Jr. will be acting as the Debtor-in-Possession in all of the Debtors' cases.

12. Moreover, the Debtors' financial affairs and business operations are related, and joint administration will ease the administrative burden on the Court and all parties in interest. Additionally, many of the motions, hearings, and orders in the Debtors' Chapter 11 cases will affect both of the Debtors and their respective estates. Joint administration will reduce the fees and costs and avoid the need for filing duplicative documents in the Debtors' separate cases.

13. Joint administration will also save time and money and avoid duplicative and potentially confusing filings by permitting counsel for all parties in interest to (a) use a single caption on the numerous documents that will be served and filed herein and (b) file the papers in one case rather than in multiple cases. Finally, joint administration will protect parties in interest by ensuring that parties in each of the Debtors' respective cases will be apprised of the various matters before the Court in these cases.

14.     The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these cases inasmuch as the relief sought is purely procedural and is in no way intended to affect substantive rights. Each creditor and other party in interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or right.

15.     Joint administration will also enable participants in these cases to more easily apprise the various parties in interest of the matters before the Court in the Debtors' bankruptcy proceedings. Further, joint administration will relieve the Court of the burden of entering duplicative orders and maintaining duplicative files and will simplify the Office of the United States Trustee's (the "US Trustee") supervision and administrative aspects of the Debtors' Chapter 11 cases. For these reasons, joint administration of the Debtors' Chapter 11 cases, for procedural purposes only, will best serve the interests of the Debtors, their creditors, and other parties in interest.

16.     The Debtors request that the Court modify the caption of the Debtors' Chapter 11 cases to reflect their joint administration as follows:

| | | |
|---|---|---|
| In re: | ) | Case No. 21-44887-lsg |
| Silverside Senior Living, LLC[1] | ) | Chapter 11 |
| | ) | Hon. Lisa S. Gretchko |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| _____ | ) | |

[1] The Debtors in these jointly administered proceedings are Silverside Senior Living, LLC (Case No. 21-44887) and Graceway South Haven, LLC (Case No. 21-44888).

17. The Debtors further request that the Clerk of the Court enter a docket entry in each of the Debtors' Chapter 11 cases substantially as follows:

> "An Order has been entered in this case directing the procedural consolidation and joint administration of the Chapter 11 Cases of Silverside Senior Living, LLC (Case No. 21-44887) and Graceway South Haven, LLC (Case No. 21-44888), should be consulted for all matters affecting these Debtors."

18. The Debtors also request that the Court make a docket entry stating that any creditor filing a proof of claim against any of the Debtors or their respective estates shall file such proof of claim in the particular bankruptcy case of the Debtor against whom such claim is asserted, and not in the jointly administered case.

19. The relief requested herein is commonly granted in this District. *See, e.g., In re Contech U.S., LLC et al.*, Case No. 09-42392 (SWR) (Bankr. E.D.

Mich., Jan 30, 2009); *In re Blue Water Automotive Systems, Inc., et al.*, Case No. 08-43196 (MBM) (Bankr. E.D. Mich., Feb. 12, 2008); *In re Collins & Aikman Corp.*, Case No. 05-55927 (SWR) (Bankr. E.D. Mich., May 17, 2005); *In re Oxford Automotive, Inc., et al. (Oxford II)*, Case No. 04-74377 (SWR) (Bankr. E.D. Mich., Dec. 7, 2004); *In re Intermet Corp., et al.*, Case No. 04-67597 (MBM) (Bankr. E.D. Mich., Sept. 29, 2004).

## NOTICE

20. Chuck Mouranie was appointed a Subchapter V Trustee in this Chapter 11 case and *In Re: Graceway South Haven, LLC* (Case No. 21-44888), and no date has been set for the Section 341 meeting of creditors in either of the cases. Notice of this Motion will be served upon (i) the Office of the U.S. Trustee for the Eastern District of Michigan; (ii) the Subchapter V Trustee; (iii) the secured creditors in each of the Debtors' cases, and (iv) the creditors listed on Debtors' list of twenty (20) largest unsecured creditors in each of the Debtors' cases. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## WAIVER OF A MEMORANDUM OF LAW REQUESTED

21. As this motion raises no novel issues of factor or law, and the legal basis relied upon by the Debtor has been adequately set forth herein, Debtor requests that the requirement of a separate memorandum of law be waived.

**WHEREFORE**, Debtor respectfully requests that the Court enter an Order, substantially in the form attached hereto as **Exhibit A**: (a) authorizing and directing the joint administration of the Chapter 11 case of *In Re: Silverside Senior Living, LLC* (Case No. 21-44887) and *In Re: Graceway South Haven, LLC* (Case No. 21-44888) under the case number assigned to *In Re: Silverside Senior Living, LLC* (Case No. 21-44887); and (b) for such other and further relief as the Court deems just and proper.

Respectfully submitted,

**STROBL SHARP PLLC**

Date: June 10, 2021

*/s/ Lynn M. Brimer*
LYNN M. BRIMER (P43291)
PAMELA S. RITTER (P47886)
300 E. Long Lake Road, Suite 200
Bloomfield Hills, MI 48304-2376
(248) 540-2300; fax (248) 645-2690
Email:    lbrimer@strobllaw.com
               pritter@strobllaw.com
Proposed Attorneys for Debtor and Debtor in Possession

*S&B\85370\002\PLDG\SB749561.DOC

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re:

| | |
|---|---|
| **SILVERSIDE SENIOR LIVING, LLC,** | Case No.: 21-44887-lsg<br>Chapter 11 |
| Debtor. | Hon. Lisa S. Gretchko |

**ORDER DIRECTING JOINT ADMINISTRATION**
**OF CASES PURSUANT TO BANKRUPTCY RULE**
**1015(b), BANKRUPTCY CODE SECTIONS**
**105 AND 302 AND LOCAL RULE 1015-1**

Upon the First Day Motion for the Joint Administration of this case with the Chapter 11 cases of *In re: Silverside Senior Living, LLC* (Case No. 21-44887) and *In re: Graceway South Haven, LLC* (Case No. 21-44888), (the "Motion") (collectively, the "Debtors") for entry of an order (the "Order") pursuant to Rule 1015(b) of the federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 1015-1 of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court for the Eastern District of Michigan authorizing and directing the joint administration of the referenced Chapter 11 cases (the "Chapter 11 Cases"); and the Court having reviewed the Motion and all responses thereto; and having determined that notice of the Motion was adequate and proper under the circumstances; and that no further notice is necessary or required; and it

1

appearing that this is a core proceeding pursuant to 28 U.S.C. §157(a); and it appearing that the Debtors are "affiliates" within the meaning of section 101(2) of the bankruptcy Code; and it appearing that joint administration of the Chapter 11 cases is appropriate pursuant to Bankruptcy Rule 1015(b) and Local Bankruptcy Rule 1015-1; and it appearing that the relief requested is in the best interests of the Debtors in the Chapter 11 cases, their respective estates, creditors and equity security holders; and after due deliberation and sufficient cause appearing therefore; it is hereby

1. **ORDERED** that the Motion is **GRANTED**;

2. **IT IS FURTHER ORDERED** that this Chapter 11 case shall be, and hereby is consolidated for procedural purposes only with the Chapter 11 case of *In re: Silverside Senior Living, LLC* (Case No. 21-44887) and *In re: Graceway South Haven, LLC* (Case No. 21-44888) shall be administered jointly by the Court in accordance with Bankruptcy Rule 1015(b);

3. **IT IS FURTHER ORDERED** that nothing contained in this Order shall affect a creditor's obligation to file its claim(s) in the appropriate case;

4. **IT IS FURTHER ORDERED** that the Clerk of the Court shall maintain one file and one docket for these jointly administered Chapter 11 Cases, which file and docket shall be the file and docket for *In re: Silverside Senior Living, LLC* (Case No. 21-44887).

5. **IT IS FURTHER ORDERED** that the caption of these jointly administered Chapter 11 Cases shall be as follows:

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 21-44887-lsg |
| Silverside Senior Living, LLC[1] | ) | Chapter 11 |
| | ) | Hon. Lisa S. Gretchko |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| _____ | ) | |

[1]The Debtors in these jointly administered proceedings are Silverside Senior Living, LLC (Case No. 21-44887) and Graceway South Haven, LLC (Case No. 21-44888).

6. **IT IS FURTHER ORDERED** that a docket entry shall be made in each of the above-captioned cases, substantially as follows:

> "An Order has been entered in this case directing the procedural consolidation and joint administration of the Chapter 11 Cases of Silverside Senior Living, LLC (Case No. 21-44887) and Graceway South Haven, LLC (Case No. 21-44888), should be consulted for all matters affecting these Debtors."

7. **IT IS FURTHER ORDERED** that this Order shall constitute notice and be served upon all parties listed on the matrix of the jointly administered cases.