**IN THE UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**In re:**

**SILVERSIDE SENIOR LIVING, LLC, et al.,**[1]

**Debtors.**

**Case No. 21-44887**

**Chapter 11**
**Hon. Lisa S. Gretchko**
**Jointly Administered**

---

# DEBTORS' MOTION TO APPROVE SETTLEMENT AND COMPROMISE OF PREFERENCE CLAIM WITH DEBEST, INC.

Silverside Senior Living, LLC and Graceway South Haven, LLC (the "Debtors") as Debtors and Debtors-in-Possession, by and through their attorneys, Strobl Sharp PLLC, bring this Motion to Approve Settlement and Compromise of Preference Claim with DeBest, Inc. ("DeBest"), and respectfully states as follows:

## INTRODUCTION

1. Through this Motion, the Debtors request authority to resolve the claim against DeBest in connection with the recovery of preferential payments pursuant to Section 547 of the Bankruptcy Code. DeBest will pay the Debtor, Graceway South Haven, LLC ("Graceway"), Three Thousand Four Hundred and

[1] The debtors in these jointly administered proceedings along with the last four digits of their respective federal tax id numbers are Silverside Senior Living, LLC (2357) [Case No. 21-44887-lsg] and Graceway South Haven, LLC (9393) [Case No. 21-44888-lsg].

00/100 Dollars ($3,400.00) (the "Settlement Payment") within ten (10) days of the entry of the order approving settlement.

## Jurisdiction

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicates for the relief requested are 11 U.S.C. §§363 and 1107, and Fed. R. Bankr. P. 9019.

## Background

5. On June 7, 2021 (the "Petition Date"), Debtors filed their voluntary petitions for relief under Subchapter V of Chapter 11 of the Bankruptcy Code with this Court. The Debtors were authorized to continue to operate their businesses and to manage their assets as Debtors in Possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

6. On July 23, 2021, Graceway sent a demand letter to DeBest seeking recovery of Seven Thousand Seven Hundred Thirty-Two and 09/100 Dollars ($7,732.09) in alleged preferential payments made to DeBest during the 90-day period before the Petition Date. See **Exhibit B.** The preference payments are in connection with a judgment in DeBest's favor, of which $912.00 of the funds were

paid to the court officer to process the payment. DeBest received a total of $6820.09.

7. Based on pre-litigation settlement discussions with DeBest, Debtors seek settlement of Graceway's claim without litigation.

## THE SETTLEMENT

8. DeBest has agreed to pay Three Thousand Four Hundred and 00/100 Dollars ($3,400.00) to Graceway within ten (10) days of the entry of the order approving the settlement agreement regarding preferential payments.

9. The Graceway and DeBest have entered into a Settlement Agreement and Mutual Release memorializing in greater detail the terms of the settlement outlined in paragraphs 1 and 8, *supra*. See **Exhibit C**.

10. Under Fed. R. Bankr. P. 9019, on motion and after notice and a hearing, the Court may approve a compromise or settlement after notice is provided to all parties required to be served, as provided in Fed. R. Bankr. P. 2002.

11. Settlements are generally favored by the law. *In re Dow Corning Corp.*, 198 B.R. 214, 221 (Bankr. E.D. Mich. 1996); *In re Miller Parking*, 510 B.R. 123 (E.D. Mich. 2014). Before approving a settlement, the Court must "apprise itself of all facts necessary to evaluate the settlement and make an informed and independent judgment as to whether the compromise is fair and equitable." *In re Greektown Holdings, LLC*, 728 F.3d 567, 575 (6th Cir. 2013)

*quoting Bard v. Sicherman (In re Bard),* 49 Fed.Appx. 528, 530 (6th Cir. 2002). In determining if a settlement is fair, the Court should consider (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises. *In re Greektown Holdings, LLC*, 728 F.3d 567, 575 n. 6 (6th Cir. 2013)

12. Giving appropriate consideration to the above factors, the risk to the Debtors, the complexity of the issues and the other risks inherent in litigation, and weighing those fees and expenses that the Debtors would necessarily incur if the claims, third party claims and counter-claims in this matter were pursued through trial, and the delay and inconvenience that would be involved therewith even if the Debtors were to prevail, the Debtors believes that the Settlement is in the best interest of the Debtors' Estates.

## NOTICE

13. Notice of this settlement shall be sent to (1) the entire creditor Matrix; (2) DeBest, Inc.; (3) the United States Trustee; and (4) the Subchapter V Trustee.

## NO PRIOR REQUEST

14. No prior motion for the relief requested herein has been made to this or any other court.

**WHEREFORE,** the Debtors respectfully requests that this Court approve the settlement and enter the proposed Order attached hereto as **Exhibit A** and grant to the Debtors such other and further relief as is just and appropriate in the circumstances.

Respectfully Submitted,

STROBL SHARP PLLC

Dated: August 19, 2021

By: *_/s/ Lynn M. Brimer_*

LYNN M. BRIMER (P43291)
PAMELA S. RITTER (P47886)
Strobl Sharp PLLC
300 East Long Lake Road, Suite 200
Bloomfield Hills, MI 48304-2376
Telephone: (248) 540-2300
Facsimile: (248) 645-2690
E-Mail: lbrimer@strobllaw.com
Attorneys for Debtors and Debtors
In Possession

*S&B\85370\002\MOTBRF\SB757335.DOCX

**EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**In re:**

**SILVERSIDE SENIOR LIVING, LLC, et al.,**[1]

**Debtors.**

**Case No. 21-44887**

**Chapter 11**
**Hon. Lisa S. Gretchko**
**Jointly Administered**

---

**ORDER GRANTING DEBTORS' MOTION TO APPROVE SETTLEMENT AND COMPROMISE OF PREFERENCE CLAIM WITH DEBEST, INC.**

The Debtors having filed their Motion to Approve Settlement and Compromise (the "Motion") and having provided adequate notice and an opportunity for hearing on the Motion to all parties required to be served, and the Court finding that the proposed settlement is in the best interests of the Debtors, their estate and their creditors, and the Court being fully apprised of the premises and finding good cause exists for the entry of this order;

[1] The debtors in these jointly administered proceedings along with the last four digits of their respective federal tax id numbers are Silverside Senior Living, LLC (2357) [Case No. 21-44887-lsg] and Graceway South Haven, LLC (9393) [Case No. 21-44888-lsg].

**IT IS HEREBY ORDERED THAT** the settlement of Graceway South Haven, LLC's claim for preferential payments against DeBest, Inc. is approved, and the Debtors are authorized and directed to take all appropriate action to implement the settlement.



# EXHIBIT B

ATTORNEYS & COUNSELORS

300 East Long Lake Road [illegible]
Bloomfield Hills, MI 48304

t 248 540 2300
f 248 645 2690
www.stroblandsharp.com

Lynn M. Brimer
Direct: (248) 205-2772
Fax: (248) 205-2786
E-mail: lbrimer@stroblaw.com

July 23, 2021

*Via Email*
*office@debestinc.com*
*and First Class Mail*

DeBest Inc.
06464 Arvesta Dr.
South Haven, MI 49090

**FOR SETTLEMENT DISCUSSIONS ONLY**
**SUBJECT OT FEDERAL RULE OF EVIDENCE 408**

**Re: Graceway South Haven, LLC**
**Case No. 21-44888-lsg**
**United States Bankruptcy Court for the Eastern District of Michigan**

Dear Sir or Madam:

We represent Graceway South Haven, LLC ("Graceway" or the "Debtor"), in connection with its Chapter 11 Bankruptcy filed on June 7, 2021 (the "Petition Date"), in the United States Bankruptcy Court for the Eastern District of Michigan, Southern Division, Case No. 21-44888-lsg. DeBest, Inc. ("DeBest") received payments during the ninety (90) days prior to the Petition Date in the amount of $7,732.09 (the "Preference Payments") as reflected in the attached schedule. Pursuant to 11 U.S.C. §547(b), such payments are considered potential preferential transfers and are recoverable by the Debtor's bankruptcy estate.

The Debtor has analyzed DeBest's potential defenses to the preference demand. The Debtor has determined that there are no available defenses to DeBest as no new value was provided after the payment was made and the payment was made on account of a judgment and therefore clearly not in the ordinary course of business. DeBest is liable for preferential payments in the amount of $7,732.09 (the "Preference Amount").

We have been authorized to settle the potential preference claim against DeBest for an immediate payment of the Preference Amount. Demand is hereby made for immediate payment in full of the Preference Amount of $7,732.09. If such payment is not received by this office on or before the close of business Eastern time, August 6, 2021, we will assume DeBest does not wish to amicably resolve this matter. In the event this matter is not resolved, Graceway reserves all rights to pursue any and all legal and equitable remedies available to it, including seeking recovery of all Preference Payments.



ATTORNEYS & COUNSELORS

Do not hesitate to contact me if you have any questions or comments. We look forward to your prompt response.

Very truly yours,

**STROBL SHARP PLLC**

Lynn M. Brimer

LMB/
Attachment

cc: Graceway South Haven, LLC

T:\DOCS\8557\0\0024LTR\SH753413.DOCX


ATTORNEYS & COUNSELORS

DeBest, Inc.
Re: Graceway South Haven, LLC
July 23, 2021
Page 3

| DeBest, Inc. | 4/21/2021 | $7,732.09 |
|---|---|---|

# EXHIBIT C

# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

THIS SETTLEMENT AGREEMENT AND MUTUAL RELEASE ("Agreement") is entered into as the 18th day of August 2021, by and between DeBest, Inc. ("DeBest"), a Michigan corporation with its principal place of business located at 6464 Arvesta Dr., South Haven, MI 49090 and Graceway South Haven, LLC, a Michigan limited liability with its principal place located at 13228 Chestnut, Southgate, MI 48195 ("Graceway" or the "Debtor").

**RECITALS**

A. On June 7, 2021 (the "Petition Date"), Graceway filed its voluntary petition for relief under Subchapter V of Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Michigan under Case No. 21-44888-lsg (the "Bankruptcy Case").

B. On July 23, 2021, Graceway sent DeBest a demand letter (the "Preference Demand") seeking to recover $7,732.09 pursuant to 11 U.S.C. §547(b) for transfers made during the 90-day period before the Petition Date (the "Preference Period"). DeBest has asserted defenses under Section 547 of the Bankruptcy Code. After the application of DeBest defenses and potential litigation costs, the Debtor has a determined it has a preference claim in the amount of $3,400.00.

C. Graceway and DeBest desire to settle all claims in connection with the Preference Demand without the delay and expense of litigation.

**AGREEMENT**

Therefore, in order to resolve all disputes between the parties, Graceway and DeBest agree to the following:

1. DeBest agrees to pay a total of $3,400.00 to the Debtor and waive its right to file a Proof of Claim as resolution of the Preference Demand (the "Settlement Payment").

2. The Settlement Payment shall be paid to Debtor within ten (10) days of the approval of this Agreement by the Bankruptcy Court. If the Settlement Payment is not timely paid, or if DeBest brings a subsequent legal proceeding to disgorge, avoid or otherwise recover the Settlement Payment in whole or in part, DeBest will be in default under this Agreement and Debtor may file an Adversary Proceeding to recover the Preference Demand and/or seek to enforce this Agreement either in the Bankruptcy Court or other court of competent jurisdiction. In the event of a default by DeBest under this Agreement, DeBest will be responsible for all costs incurred by Debtor relating in any way to this matter, beginning on the date the default occurred and continuing until DeBest has fulfilled completely all obligations owed by DeBest under this Agreement. Costs may include, without limitation, the costs of reopening the Bankruptcy Case, filing

fees associated with prosecuting the Adversary Proceeding, fees incurred in collecting the amounts owed under this Agreement, appellate costs and any other actions taken to enforce this Agreement. These costs shall be added to any judgment in favor of the Debtor.

3. Upon receipt of the Settlement Payment, the Debtor, the reorganized Debtor and DeBest waive, release and relinquish any and all claims each has against the other, their successors, subsidiaries, related entities, affiliates, representatives, directors, officers, owners, agents, attorneys, employees and assigns, relating in any way to the Preference Demand including its right to file a Proof of Claim. This waiver, release and relinquishment is permanent and irrevocable except that nothing in this Settlement Agreement waives, releases or relinquishes claims arising as a result of a default under this Settlement Agreement until all obligations under this Settlement Agreement have been fulfilled.

4. The Parties acknowledge and agree that this Agreement with all attachments constitutes the entire and final agreement among the Parties, and that the terms of this Agreement are contractual and not merely a recital. There are no representations, warranties, or understandings other than those expressly set forth herein.

5. This Settlement Agreement shall be binding upon and shall inure to the

benefit of the Parties and their respective successors and assigns, provided however, that the foregoing shall not authorize any assignment by the Parties of their duties hereunder.

6. This Settlement Agreement and any and all other agreements executed and delivered in connection herewith or incorporated herein by reference may be signed in counterparts and by facsimile. All of such counterparts, when properly executed by the appropriate Parties thereto, together shall serve as a fully executed document, binding upon the Parties. A facsimile, electronic or photocopy of a Party's signature shall be legally sufficient evidence of the original signature to this Settlement Agreement.

7. Upon a breach or default under this Agreement by a Party, the other Party shall be awarded all costs incurred to enforce the terms of this Settlement Agreement in a court of competent jurisdiction, but only if the Party seeking such award has no liability for any material breach of this Settlement Agreement.

8. The Parties acknowledge and agree that they have fully read, completely understand and voluntarily enter into and execute this Settlement Agreement and the other documents contemplated herein, and acknowledge that they have been represented and advised by counsel of their choosing or had ample opportunity to be represented by counsel during the pendency of the negotiations

that resulted in the drafting and execution of this Settlement Agreement and the other Agreements contemplated herein.

9. This Agreement shall be governed by, and construed in accordance with, the laws of the State of Michigan. The Parties agree that the United States Bankruptcy Court for the Eastern District of Michigan shall retain exclusive jurisdiction to resolve any dispute or controversy involving this Agreement. In the event that a dispute involving this Agreement arises after the Bankruptcy Case has been closed, either party may (i) seek to reopen the Bankruptcy Case and have the Bankruptcy Court resolve the dispute, or (ii) commence an action to enforce this Agreement with any other court of competent jurisdiction located in the State of Michigan. The Parties specifically waive any and all objections to venue in such courts, including any objection to venue based on convenience of the Parties.

10. The Parties represent and acknowledge that the individual signing on behalf of each Party has the authority to bind the Party to the terms of this Agreement.

[THIS SPACE INTENTIONALLY LEFT BLANK.]

**DEBEST, INC.**

Dated: 8-12-2021

BY:
ITS:

**GRACEWAY SOUTH HAVEN, LLC**

Dated: 8/18/21

BY: ANTHONY FISCHER
ITS: MANAGING MEMBER