UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 (Subchapter V) |
| SILVERSIDE SENIOR LIVING, LLC, et al,[1] | Case No. 21-44887-lsg |
| Debtors. | Jointly Administered |

## APPLICATION OF GORDON FOOD SERVICE INC. FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE PRIORITY CLAIM

Gordon Food Service Inc. ("GFS"), by its undersigned counsel, hereby submits the following Application for Allowance and Payment of Administrative Priority Claim pursuant to 11 U.S.C. § 503(b)(9) (the "Application"). As required by Local Rule 9014-1(c), a copy of the proposed order granting this Application is attached hereto as **Exhibit 1**; a Notice of Motion and Opportunity to Object is attached hereto as **Exhibit 2**.; and a certificate of service is attached hereto as **Exhibit 3**. In support of its Application, GFS respectfully states as follows:

1. On June 7, 2021 (the "Petition Date"), Debtor Graceway South Haven, LLC (the "Debtor") filed a voluntary petition for relief under Subchapter V of Chapter 11 of Title 11 of the United States Code, 11 §§ 101, *et seq.* (the "Bankruptcy Code"). The Debtor is currently operating as a debtor-in-possession.

2. Before the Petition Date, GFS provided and shipped to the Debtor certain products pursuant to an agreement executed December 17, 2018, which products the Debtor received within the 20 days immediately before the Petition Date.

---

[1] The Debtors in these jointly administered proceedings along with the last four digits of their respective federal tax id numbers are Silverside Senior Living, LLC (2357) [Case No: 21-44887-lsg] and Graceway South Haven, LLC (9393) [Case No: 21-44888-lsg].

3. GFS hereby asserts an administrative claim against the Debtor's bankruptcy estate pursuant to section 503(b)(9) of the Bankruptcy Code for the value of goods GFS provided to the Debtor within the 20 days immediately before the Petition Date (the "20-Day Goods").

4. With this Application, GFS seeks an Order from the Court allowing GFS an administrative claim against the Debtor for the value of the 20-Day Goods delivered to it in the amount of $13,616.34 (the "503(b)(9) Claim").

5. In addition to the 503(b)(9) Claim, the Debtor holds an administrative claim (the "Postpetition Claim," and with the 503(b)(9) Claim, the "Administrative Claim") against the Debtor for $54.34 worth of goods received postpetition (the "Postpetition Goods").

6. Between the 503(b)(9) Claim and the Postpetition Claim, GFS's Administrative Claim totals $13,670.68. A summary of the invoices for the goods received by Debtor is attached hereto as **Exhibit 4** and the invoices are attached hereto as **Exhibit 5**.

7. Section 503(b)(9) of the Bankruptcy Code states "after notice and a hearing, there shall be allowed administrative expenses" for "the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business." 11 U.S.C. § 503(b)(9).

8. GFS sold the 20-Day Goods to the Debtor, and the Debtor received the 20-Day Goods, within 20 days of the Petition Date. The 20-Day Goods were sold to the Debtor in the ordinary course of the Debtor's business. GFS has not received payment for the 20-Day Goods. Accordingly, pursuant to section 503(b)(9), GFS is entitled to an administrative claim for the value of the 20-Day Goods provided to the Debtor.

9. Further, with respect to the Postpetition Claim, postpetition transactions with the Debtor's estate in ordinary course of business are entitled to administrative priority status. *Reading Co. v. Brown*, 391 U.S. 471 (1968). Because the Debtor received and kept goods postpetition, GFS is entitled to an administrative claim for the value of the Postpetition Goods.

10. The Administrative Claim is entitled to priority in any distribution from assets of the Debtor's estates. 11 U.S.C. § 507(a)(2). This priority is secondary only to domestic support claims. *Id.* § 507(a)(1). The Administrative Claim must be paid in full in cash in order for the Court to confirm any plan of reorganization. 11 U.S.C. § 1129(a)(9)(A).

11. In the Debtor's Schedules, as amended, GFS is listed as an unsecured creditor holding a liquidated, non-contingent, undisputed claim (the "Scheduled Claim"). Accordingly, GFS's Scheduled Claim is deemed filed and allowed without the necessity of GFS separately filing a proof of claim. 11 U.S.C. §§ 1111(a), 502(a); Fed. R. Bankr. Proc. 3003(b)(1), (c)(2). For the avoidance of doubt, GFS does not seek double recovery from its Scheduled Claim and its Administrative Claim; it only seeks payment of its Administrative Claim with the priority to which it is entitled.

12. This Application is made without prejudice to, and GFS reserves, all other rights, claims, demands, and remedies available to GFS, at law or in equity, including but not limited to, GFS retaining title to some or all of the goods. In addition, GFS reserves the right to amend this application or seek payment of further amounts as an administrative claim if it later discovers information that additional goods were received by the Debtor within 20 days of or after the Petition Date. GFS further reserves the right to file a proof of claim if the Debtor amends the Scheduled Claim. GFS further reserves the right to assert a right of setoff or recoupment for any and all of the Administrative Claim.

13. Undersigned counsel is admitted to practice before the United States District Court for the Eastern District of Michigan. Given the nature of this Application, counsel hereby requests relief from the requirement to obtain local counsel pursuant to E.D. Mich. L.R. 83.20(f)(1).

**WHEREFORE,** having satisfied the requirements of section 503(b)(9) and *Reading*, GFS requests that this Court enter an order: (1) allowing the Administrative Claim; (2) directing that distributions on the Administrative Claim be made at the earliest date and at the same percentage as any other allowed administrative claims of equal priority against the Debtor's estate; (3) waiving the local counsel requirement of E.D. Mich. L.R. 83.20(f)(1); and (4) for such other and further relief as this Court deems just and proper.

Dated: October 7, 2021            Respectfully submitted,

*/s/ John C. Cannizzaro*
John C. Cannizzaro
**ICE MILLER LLP**
250 West Street, Suite 700
Columbus, OH 43215
Tel: 614.462.1070
Fax: 614.232.6923
Email: John.Cannizzaro@icemiller.com

*Counsel for Gordon Food Service Inc.*