UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: Silverside Senior Living, LLC, et al.[1] | Case No. 21-44887<br>Chapter 11<br>Hon. Lisa S. Gretchko |
| Debtors. | Jointly Administered |

**OBJECTION BY THE UNITED STATES
TO DEBTORS' PLAN OF LIQUIDATION [ECF No. 91]**

The United States of America, by its attorneys, Acting United States Attorney Saima S. Mohsin and Assistant United States John Postulka, on behalf of the Internal Revenue Service ("IRS" or "the Service") and on behalf of the United States Department of Health and Human Services' ("HHS"), objects to the confirmation of Debtors' Plan of Liquidation ("Plan") based upon the following:

A. Debtors filed a voluntary petition for relief, pursuant to Chapter 11, Subchapter V of the Bankruptcy Code on June 7, 2021.

B. On July 12, 2021, the Court entered an Order Authorizing Joint Administration of Related Chapter 11, Subchapter V Cases for Silverside Senior Living, LLC ("Silverside") and Graceway South Haven, LLC "(Graceway"). [ECF No. 54].

---

[1] The debtors in these jointly administered proceedings along with the last four digits of their respective federal tax ids are Silverside Senior Living, LLC (2357) [Case No. 21-44887-lsg] and Graceway South Haven, LLC (9393) [Case No. 21-44888-lsg].

C. On August 2, 2021, the Court entered an Order Modifying Order Establishing Deadlines and Procedure in the Case of a Small Business Debtor who has Elected to Have a Subchapter V of Chapter 11 Apply, which extended the requirement for Silverside to file all unfiled overdue tax returns to August 20, 2021. [ECF No. 63].

D. Silverside has not provided the IRS with all unfiled tax returns.

E. On September 1, 2021 the IRS filed a proof of claim [Claim No. 16-1] and subsequently amended that claim on September 3, 2021 [Claim No. 16-2]. Claim number 16-2 is in the total amount of $1,011,123.80, and consists of a priority unsecured claim in the amount of $1,009,000.25, and a general unsecured claim in the amount of $2,123.55. The priority claim liabilities are based on FICA taxes and liabilities for unfiled corporate tax liabilities for tax periods 2018 through 2021.

F. Debtors filed their Chapter 11 Plan of Liquidation on September 7, 2021, pursuant to 11 U.S.C. §§ 1190 and 1191. [ECF No. 91].

G. Broadly characterized, the Debtors' proposed Plan of Liquidation provides for the resolution of outstanding creditor claims, liquidation of Debtors' assets for the benefit of creditors, rejection of all executory contracts, and a complete wind down of entities.

The IRS objects to the following aspects of the Plan:

1.  The Plan provides for payment in full of some, but not all, potential administrative claims. This is improper. The plan should provide for payment in full of any and all potential tax-related administrative claims. *See* 11 U.S.C. § 503.

2.  The Plan fails to provide for full payment of the IRS's priority claim in equal monthly installments. The IRS requests the Plan be revised to include the following language:

> *The priority tax portion of the proof of claim filed by the Internal Revenue Service in this case is $1,009,000.25, including estimated taxes owed for Federal withholding - Social Security taxes, and Federal withholding unemployment taxes for tax periods 2018, 2019, and 2020. The Priority Tax Claim of the Internal Revenue Service, as currently filed or as later amended shall be paid in full with statutory interest (currently at 3%), in equal monthly payments, beginning on the Effective Date and continuing through liquidation.*

3.  Debtors have yet to file their tax return for 2019 and 2020. The plan cannot be confirmed until those tax returns are filed. *See* 11 U.S.C. § 1106(a)(6) ("A trustee shall . . . for any year for which the debtor has not filed a tax return required by law, furnish, without personal liability, such information as may be required by the governmental unit with which such tax return was to be filed . . ."); 11 U.S.C. § 1107(a) ("[A] debtor in possession . . . shall perform all the functions and duties . . . of a trustee serving in a case under this chapter"); 11 U.S.C. § 1112(b)(4)(I) (failure to file post-petition tax returns is cause for dismissal or conversion); 11 U.S.C. § 1129(a)(2) (chapter 11 plan cannot be confirmed unless

"[t]he proponent complies with the applicable provisions of this title.")

4. Debtors allege that Graceway is eligible for funds under the Employee Retention Credit ("ERC") program of the CARES Act, which they estimate to be approximately $650,000. But Debtors have not submitted an application seeking such funds. As a result, receipt of the funds is entirely speculative. Without the funds, Debtors will not have the sufficient revenue to make payments required by the Plan. As a result, the plan is purely speculative and Debtors' have not demonstrated its feasibility.

5. The IRS objects insofar as the plan attempts to limit rights to setoff. *See* 11 U.S.C. § 553.

6. The IRS also objects in that the Plan fails to fully provide for default language in violation of 11 U.S.C. § 1123(a)(5)(G), while not providing anything concrete to parties of interest to indicate when the Plan is defaulting.

The IRS suggests the following default language:

*Upon failure of the debtors to make any payment due on any administrative, secured, priority, or general unsecured claim of the Service, or to file any return which comes due after the Confirmation Date, which failure is not cured within 30 days of the mailing of a written notice of default by the Service, the Service may exercise all rights and remedies applicable under non-bankruptcy law for the collection of its entire claim and/or seek appropriate relief from this Court. In the event of conversion of this case to a Chapter 7 proceeding, all property of the debtors; debtors-in-possession; liquidating debtors, which will revest upon confirmation of the Plan*

*and all of debtors' after acquired property shall be property of the Chapter 7 Estate.*

### The United States' Objections on behalf of HHS

7.  The Debtors' Plan of Liquidation seeks discharge regardless of whether the plan is confirmed under 11 U.S.C. § 1191(a) or 11 U.S.C. § 1191(b).

8.  However, discharge is not available if the plan is confirmed under section 1191(a) because 11 U.S.C. § 1141(d)(3) precludes discharge in a Chapter 11 bankruptcy where (A) the Plan provides for the liquidation of all or substantially all of the property of the estate, (B) the debtor does not engage in business after consummation of the plan, (C) the debtor would be denied a discharge under section 727(a) of Chapter 11 if the case were filed under Chapter 7. 11 U.S.C. § 1141(d)(3)(A)-(C). Section 727(a)(1) of Title 11 provides that the court shall grant the debtor a Discharge unless "the debtor is not an individual."

In the instant case, Debtors' Plan appears to liquidate all or substantially all of the estate property, Debtors have not conducted any post-petition operations (Plan, Section 1.7), and both Silverside and Graceway are limited liability companies, not individuals. As such, Section 1141(d)(3) precludes discharge under section 1191(a).

9.  HHS also objects to discharge of Debtors' Plan if it is confirmed under 11 U.S.C. § 1191(b). Section 1192 provides that if a plan is confirmed under section 1191(b), there will be discharge "as soon as practicable after completion by the

5

debtor of all payments due within the first 3 years of the plan, or such longer period not to exceed 5 years as the court may fix." 11 U.S.C. § 1192. Debtors' current Plan does not specify when or if payments will be made within 3 years, nor does it propose another time frame.

    WHEREFORE, the United States respectfully requests that this Court deny confirmation of Debtors' Plan for the forgoing reasons and grant such further and additional relief as deemed just and appropriate.

Dated: October 13, 2021

SAIMA S. MOHSIN
Acting United States Attorney

/s/John Postulka
John Postulka (P71881)
Assistant U.S. Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
Phone: (313) 226-9118
Email: John.Postulka2@usdoj.gov

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re: Silverside Senior Living, LLC, et al.[2]      Case No. 21-44887
                                                   Chapter 11
                                                   Hon. Lisa S. Gretchko
                      Debtors.                    Jointly Administered
_____/

## CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2021, I electronically filed the United States' Objection to Debtors' Plan of Liquidation using the ECF System which will send notification of such filings to all counsel of record.

                                                  SAIMA S. MOHSIN
                                                Acting United States Attorney

                                                /s/John Postulka
                                                John Postulka (P71881)
                                                Assistant U.S. Attorney
                                                211 W. Fort Street, Suite 2001
                                                Detroit, Michigan 48226
                                                Phone: (313) 226-9118
                                                Email: John.Postulka2@usdoj.gov

---

[2] The debtors in these jointly administered proceedings along with the last four digits of their respective federal tax ids are Silverside Senior Living, LLC (2357) [Case No. 21-44887-lsg] and Graceway South Haven, LLC (9393) [Case No. 21-44888-lsg].