# IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

In re:                                                                   Case No: 21-44887
**SILVERSIDE SENIOR LIVING,**              Chapter 11
**LLC, et al.,**[1]                                           Hon. Lisa S. Gretchko

        Debtors.                                           Jointly Administered
_____/

## DEBTORS' MOTION FOR ENTRY OF AN ORDER COMPELLING AETNA TO PROCESS CLAIMS AND PRODUCE AN ACCOUNTING AND/OR RECONCILIATION OF CLAIMS

Silverside Senior Living, LLC ("Silverside") and Graceway South Haven, LLC ("Graceway")(collectively the "Debtors") as Debtors and Debtors-in-Possession, by and through their attorneys, Strobl Sharp PLLC, bring this Motion for Entry of an Order Compelling Aetna to Process Claims and to Provide Debtors with an Accounting and/or Reconciliation of Claims (the "Motion"), and in support therefore state as follows:

---

[1] The debtors in these jointly administered proceedings along with the last four digits of their respective federal tax id numbers are Silverside Senior Living, LLC (2357) [Case No. 21-44887-lsg] and Graceway South Haven, LLC (9393) [Case No. 21-44888-lsg].

1

## INTRODUCTION

1. Through this Motion the Debtors request this Court enter an order compelling Aetna to process claims and to provide Graceway with an accounting and/or reconciliation of claims.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicate for the relief requested is 11 U.S.C. §§ 1107 and 105.

## BACKGROUND

5. On June 7, 2021 (the "Petition Date"), Debtors filed their voluntary petitions for relief under Subchapter V of Chapter 11 of the Bankruptcy Code with this Court. The Debtors were authorized to continue to operate their businesses and to manage their assets as Debtors in Possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

6. Aetna is a provider of health insurance that provided coverage to some of Graceway's residents during its operations.

7. On or about December 8, 2021, Varipro, Debtors' post-petition billing company, submitted claims associated with services provided to residents by Graceway staff (the "Claims") to Aetna in the total amount of $173,045.00.

8. Graceway believes the Claims were timely submitted on December 8, 2021 or had been previously timely submitted to BCBS and remain unpaid.

9. BCBS acknowledged receipt of the Claims. However, Aetna refuses to process the Claims and refuses and/or fails to provide Varipro and/or the Debtors an explanation for its failure and/or refusal to process the Claims.

10. Varipro attempted to contact Aetna to request an accounting and/or reconciliation of the Claims in order to understand the basis for refusing to process and/or pay on the Claims.

11. Aetna refuses to provide Varipro with a meaningful explanation for refusing to provide an accounting.

## **ARGUMENT**

12. Without an accounting of amounts owed to Graceway, an accurate calculation of Debtor's accounts receivable is impossible, hindering duties imposed on the Debtors under 11 U.S.C. § 1107(a) as Debtors-in-Possession.

13. Section 105(a) of the Bankruptcy Code provides this Court with broad authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

14. It is reasonable, necessary and appropriate for the insurance carriers, including Aetna, to process the claims submitted post-petition for payment and to provide the Debtors with an accounting and/or reconciliation of such claims.

15. The Debtors are unable to complete an accurate projection for submission with its Amended Plan of Reorganization in the absence of a detailed accounting of amounts owed by Aetna.

16. Moreover, the failure and/or refusal of Aetna to provide an accounting of the Claims and to pay on those claims that are viable claims is resulting in an injury to the Debtors' estates and their creditors, including the priority wage claimants whose services generated the Claims.

## NOTICE

17. This Motion and Notice of this Motion shall be served via email on (i) the United States Trustee; (ii) the Subchapter V Trustee; (iii) Chippewa Valley, LLC; (iv) Aetna; (v) the Internal Revenue Service; (vi) the Michigan Department of Health and Human Services and (vii) the 20 largest creditors. Notice of this Motion shall also be served on all parties entitled to notice via the Court's electronic filing system.

## WAIVER OF MEMORANDUM OF LAW REQUESTED

18. As this motion does not raise any novel issues of fact or law, and the legal basis relied upon by the Debtors have been adequately set forth herein, Debtors request that the requirement of a separate memorandum of law be waived.

## NO PRIOR REQUEST

19. No prior motion for relief requested herein has been made to this or any other court.

20. Debtors served a second demand for payment on Aetna's billing address at a post office box in Arizona. However, Debtors have been unable to identify a contact to seek consent regarding the relief requested in this motion.

**WHEREFORE**, Debtors respectfully request that under its broad discretionary powers extended in 11 U.S.C. § 105(a), this Court enter the Attached Exhibit A, Order Compelling Aetna to process Claims and produce an accounting and/or reconciliation of Claims and grant Debtors such other and further relief as it is just and appropriate in the circumstances.

Respectfully submitted,

**STROBL SHARP PLLC**

    */s/ Lynn M. Brimer*
LYNN M. BRIMER (P43291)
PAMELA S. RITTER (P47886)
300 E. Long Lake Road, Suite 200
Bloomfield Hills, MI 48304-2376
(248) 540-2300; fax (248) 645-2690
Email:    lbrimer@strobllaw.com
            pritter@strobllaw.com
Attorneys for Debtors and Debtors in Possession

Date: January 28, 2022

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**In re:**

**SILVERSIDE SENIOR LIVING,
LLC, et al.,**[1]

       **Debtors.**

Case No. 21-44887

Chapter 11
Hon. Lisa S. Gretchko
Jointly Administered

---

## ORDER COMPELLING AETNA TO PROCESS CLAIMS PRODUCE AN ACCOUNTING AND/OR RECONCILIATION OF CLAIMS

**THIS MATTER** came before the Court on the Debtors' Motion for Entry of an Order Compelling Aetna to Process Claims and to Produce an Accounting and/or Reconciliation of Claims [Docket No.   ] (the "Motion"), proper notice having been given and the Court being fully advised in the premises:

**NOW THEREFORE,**

**IT IS HEREBY ORDERED** that the Motion is **GRANTED**.

---

[1] The debtors in these jointly administered proceedings along with the last four digits of their respective federal tax id numbers are Silverside Senior Living, LLC (2357) [Case No. 21-44887-lsg] and Graceway South Haven, LLC (9393) [Case No. 21-44888-lsg].

6

**IT IS FURTHER ORDERED** that Aetna shall process the Claims as defined in the Motion and shall provide an accounting and/or reconciliation of such Claims to the Debtors within ten (10) days of the entry of this Order.