# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re:

**SILVERSIDE SENIOR LIVING, LLC, et al.,** [1]

    Debtors.

Case No. 21-44887
Chapter 11
Hon. Lisa S. Gretchko

Jointly Administered

## DEBTORS' STATUS AND PROGRESS REPORT

Silverside Senior Living, LLC ("Silverside") and Graceway South Haven, LLC ("Graceway") (collectively, the "Debtors"), hereby submit the following status report regarding the progress made since the filing of the Status Conference Report on December 17, 2021 [Docket No. 165].

1.    On June 7, 2021 (the "Petition Date"), Debtors filed their voluntary petitions for relief under Subchapter V of Chapter 11 of the Bankruptcy Code with this Court. The Debtors were authorized to continue to operate their businesses and to manage their assets as Debtors in Possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

---

[1] The debtors in these jointly administered proceedings along with the last four digits of their respective federal tax id numbers are Silverside Senior Living, LLC (2357) [Case No. 21-44887-lsg] and Graceway South Haven, LLC (9393) [Case No. 21-44888-lsg].

1

2. On December 17, 2021, Debtors filed Debtors' Status Conference Report [Docket No. 165] ("Initial Report") in response to the Court scheduling a status conference in lieu of conducting a confirmation hearing on December 17th.

3. At the time of the Initial Report, Debtors had completed their accounting and had filed all required tax returns, including 10 returns with the Michigan Unemployment Insurance Agency, 18 returns with the Michigan Department of Treasury and 11 returns with the Internal Revenue Service.

4. Also, the Debtors successfully settled and collected $90,951.83 in preference recoveries.

5. Since December 17th, the Debtors have issued final demands in connection with $62,428.63 in preference payments. The Debtors have additional preference claims of approximately $46,000.00 subject to final demands and further collection efforts.

6. In early December, Graceway's post-petition billing company, Varipro, issued multiple demands to insurance carriers for collection on Graceway's accounts receivable.

7. Two insurance carriers advised Varipro that they were not required to pay on the Graceway claims due to the bankruptcy filing. The remaining carriers refused to respond.

8. In mid-January, Debtors forwarded draft motions to compel the insurance carriers to process the claims and to provide reconciliations and/or accountings to the Debtors to the insurance carriers. The drafts were forwarded to the contacts Varipro had identified with a note indicating that the motions would be filed if a detailed response regarding the claims was not received by Varipro.

9. Priority Health and Blue Cross Blue Shield ("BCBS") both responded to the draft motions as follows:

   a. Through its in-house counsel, on February 8, 2022, BCBS provided Graceway a spreadsheet reconciling the claims submitted by Varipro. Based on the information provided by BCBS, claims with a date of service within one year of the Petition Date totaling $112,247.83 had not previously been submitted (the "Active BCBS Claims"). The remaining claims do not at this time appear eligible for payment. The Active BCBS Claims have been submitted to BCBS through the BCBS electronic claims submission process and have been provided to BCBS' counsel in paper format. Debtors have requested an estimate from BCBS regarding the timeline for review and processing of the Active BCBS claims. BCBS has advised Debtors' counsel that BCBS has an internal conference scheduled regarding the Graceway account on February 15, 2021 and will

follow up with Debtors counsel by February 16, 2022 regarding the processing the Active BCBS claims.

b. On February 2, 2022, Priority Health provided Graceway a spreadsheet reconciling the claims submitted by Varipro. Pursuant to the spreadsheet, claims totaling $63,600.00 have been submitted by Priority Health for processing (the "Priority Health Agreed Claims"). Additional claims totaling $89,131.72 reflect a service date within one year of the Petition Date and appear eligible for payment (the "Additional Priority Health Claims") pursuant to Section 108(a) of the Bankruptcy Code. Debtors are working with counsel for Priority Health to address the Section 108(a) tolling issues.

10. Debtors filed motions against Meridian Complete Health ("Meridian"), Aetna Inc. ("Aetna"), and Mutual of Omaha ("MoO").

a. <u>Aetna.</u>: A detailed review of the Aetna claims reflects claims with a date of service within one year of the Petition Date totaling $173,045.00. Counsel for Aetna responded informally to the motion filed against it. Aetna and the Debtors have submitted a stipulation and proposed Order resolving the motion filed against Aetna requiring Aetna to provide the Debtors with a reconciliation and/or

accounting of the claims by March 4, 2022 and to process the claims eligible for payment by April 4, 2022.

b. <u>Meridian:</u> Meridian has not responded to the Motion for Entry of an Order Compelling Meridian Complete Health to Process Claims and to Provide Debtors with an Accounting and/or Reconciliation of Claims [Docket No. 175]. Debtors will file a Certificate of No Response on February 15, 2022 for entry of an order requiring Meridian to provide a reconciliation and/or accounting of the claims submitted by Varipro on or before February 25, 2022. Debtors have determined that claims against Meridian with service dates within one year of the Petition Date totaling $217,607.83 are otherwise eligible for payment.

c. <u>MoO</u>: Varipro has identified claims with dates of service within one year of the Petition Date against MoO with respect to one patient totaling $31,800.00. As of the date of this report, MoO has not responded to the Motion for Entry of an Order Compelling Mutual of Omaha to Process Claims and to Provide Debtors with an Accounting and/or Reconciliation of Claims [Docket No. 177] filed on February 1, 2022. Counsel for MoO contacted Debtors' counsel on February 14, 2022. Debtors anticipate resolving the motion filed

against MoO with a stipulation regarding the production of a reconciliation and processing of the claims.

11. Varipro also identified claims against Medicare in the Graceway billing system that appear to be viable. However, Varipro was not able to identify a contact for Medicare in order to submit the claims for processing. The United States Attorney's Office was able to provide Varipro with a Medicare contact. Varipro is working with Medicare to process the claims remining on the Graceway records. Based on the Graceway records, claims totaling at least $138,000.00 reflect service dates within one year of the Petition Date and are eligible for payments.

12. As reported in the Initial Report, on December 10, 2021, Graceway submitted an Employee Retention Credit Application (the "ERC Application") under the provisions of Section 505 for a prompt determination seeking a refundable credit in the total amount of $427,371.40. As of the date of this report, Debtors have not received a response from the Internal Revenue Service regarding the ERC Application.

13. The Debtors and Varipro have worked diligently since the Initial Report to verify potential collection on Graceway's accounts receivable and Debtors have made progress regarding the recovery on the additional preference claims.

14. However, despite the efforts of Varipro and Graceway, the viability of potential collectable accounts receivable will not be confirmed and verified for an

additional three weeks. Debtors believe that the projections submitted with the Amended Plan will contain more meaningful information for creditors if the collectable accounts receivable and recovery on additional preference claims can be verified.

15. The United States Trustee, the Subchapter V Trustee, the United States of America on behalf of the Internal Revenue Service and the Debtors' largest secured creditor, Chippewa Valley have agreed to an extension of the deadline to file the Debtors' Amended Plan of Liquidation.

Respectfully submitted,

**STROBL SHARP PLLC**

Date: February 15, 2022

    */s/ Lynn M. Brimer*
LYNN M. BRIMER (P43291)
PAMELA S. RITTER (P47886)
300 E. Long Lake Road, Suite 200
Bloomfield Hills, MI 48304-2376
(248) 540-2300; fax (248) 645-2690
Email:    lbrimer@strobllaw.com
          pritter@strobllaw.com
Attorneys for Debtors and Debtors in Possession